UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20513-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

DAISUKE MIYAUCHI,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and DAISUKE MIYAUCHI, (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to the two Counts of the Information filed against him, which counts charge the Defendant (1) willfully and knowingly, with the intent to further the objects of the conspiracy, combined, conspired, confederated, and agreed with others known and unknown, to commit offenses against the United States, that is, to falsely label wildlife being exported from the United States to Japan and to smuggle goods and merchandise out of the United States contrary to law, that is: Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i), and Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 371; and (2) knowingly made and submitted a false record and identification of wildlife which had been and was intended to be exported, and aided and abetted the same, in

1

violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i) and Title 18, United States Code, Section 2.

2. In consideration therefor, the United States agrees that it will not bring additional charges against the Defendant for wildlife trafficking and related offenses, based on conduct known to the United States at the time of execution of this agreement.

3. The Defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to five years as to each Count of conviction, and

such period may be followed by a term of supervised release of up to 3 years on the charges to which he is pleading guilty. In addition to terms of imprisonment and supervised release as to each Count, the court may also impose a fine of up to $250,000, or twice the gain or loss arising under the relevant conduct, whichever is greater, and may enter an order of restitution to any identifiable victim of the criminal offense.

5. The Defendant further understand and acknowledges that, in addition to any sentence imposed under paragraphs 3 and 4 of this agreement, a special assessment in the amount of $200.00 will be imposed on the Defendant with respect to the counts to which he is pleading guilty. The Defendant agrees that the special assessment imposed shall be paid at the time of sentencing.

6. The United States and the Defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the proper initial calculation of the Sentencing Guidelines in this case:

    a. <u>Base Offense Level</u>: Pursuant to Section 2Q2.1(a) of the Sentencing Guidelines, the base offense level in this matter is Level 6.

    b. <u>Specific Offense Characteristics:</u>

        (1) Pursuant to Section 2Q2.1(b)(1) of the Sentencing Guidelines, the base offense level in this matter should be increased by 2 levels since the offense was committed for pecuniary gain and involved a commercial purpose.

        (2) Pursuant to Section 2Q2.1(b)(3) and Section 2B1.1(b)(1)(H) of the Sentencing Guidelines, since the readily provable market value of the wildlife is greater than $1,500,000 but less than $3,500,000, the base offense level in this matter should be increased by 16 levels.

    c. <u>Chapter Three, Part B Adjustment</u>: Pursuant to Section 3B1.1(b) for his role in the offense as a manager or supervisor of a criminal activity that was otherwise extensive, the base offense level in this matter should be increased by 3 levels.

    d. <u>Guidelines range</u>: That the applicable advisory guidelines range for the offenses committed by the Defendant is Offense Level 27 before any reduction for

3

acceptance of responsibility. *See* Paragraph 8 below.

7. The Office of the United States Attorney for the Southern District of Florida and the Environmental Crimes Section of the United States Department of Justice's Environment and Natural Resources Division (hereinafter "the United States") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon Guidelines recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The United States agrees that it will recommend at sentencing that the court reduce the sentencing guideline level applicable to the Defendant's offense pursuant to Sections 3E1.1(a) and (b) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility resulting in a reduction of the final total adjusted offense level to Level 24. However, the United States will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any

4

trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11 The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type

5

...
...

to reduce the defendant's sentence because of the defendant's cooperation.

12. The Defendant is aware that the sentence has not yet been determined by the court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The Defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

13. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status because the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

14. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

15. This is the entire agreement and understanding between the United States and the

Defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 12/14/21                By: _____
                                  Thomas A. Watts-FitzGerald
                                  Assistant United States Attorney

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division

Date: 12/14/21                By: _____
                                  Banumathi Rangarajan
                                  Trial Attorney
                                  Environmental Crimes Section

Date: 11/30/21                _____
                              SAMUEL J. RABIN, ESQ.
                              Attorney for Defendant

Date: 11/30/2021              _____
                              DAISUKE MIYAUCHI
                              DEFENDANT